IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **DENIS RIVERA,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:15CV00156 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **VIRGINIA DEPARTMENT OF CORRECTIONS, ET AL.,** | ) ) | By: James P. Jones United States District Judge |
| | ) | |
| Defendants. | ) | |

*Denis Rivera, Pro Se Plaintiff.*

The plaintiff, Denis Rivera, a Virginia inmate proceeding pro se, recently filed an Amended Complaint under 42 U.S.C. § 1983, alleging that classification policies at Red Onion State Prison are unconstitutional. The defendants are currently scheduled to file any Motion for Summary Judgment in response to the Amended Complaint by mid-July 2016. Now Rivera has filed motions to add defendants and motions seeking interlocutory injunctive relief. After review of the record, I will allow the addition of two defendants, but I will summarily deny Rivera's motions for injunctive relief.

Two of Rivera's submissions (ECF Nos. 46 and 48) indicate his intention to include the following Red Onion State Prison ("Red Onion") officials as defendants in this action: J. King and A. B. Duncan. He alleges that King and

Duncan were counselors during times relevant to his claims and served on the teams that reviewed and made recommendations about his classification status. I liberally construe these submissions as motions seeking to amend to add these individuals as defendants to the claims alleged in the Amended Complaint, and I will grant the motions.

Rivera also submits two pleadings seeking interlocutory injunctive relief (ECF Nos. 45 and 47). First, in a "Motion for Court Order," Rivera complains about a Red Onion policy that only building supervisors can provide an inmate with an informal complaint form; an informal complaint is a required first step in the grievance procedures. He alleges that certain officials have been refusing to provide him with such forms in retaliation for his lawsuit and other complaints he has previously filed. (Mot. 2, ECF No. 45.) Rivera also alleges: that on June 21, 2016, an officer closed the tray slot before Rivera could get his finger out of the way, injuring the finger; that in the last few weeks, Rivera has been unable to obtain regular grievance forms and emergency grievance forms; that officers denied him showers on four days at the end of June 2016, despite his medical need for regular showers; and that officers refused to provide him with cleaning materials to clean his toilet on June 27, 2016. (*Id.* at 3.) Rivera also refers to numerous exhibits as further evidence of distressing events about which he has allegedly been unable to file grievance forms, including the delay of a requested

haircut and the lack of emergency grievance forms.  (*Id.* at 2-3.)  Rivera asks the court to order officials to provide him with informal complaint and grievance forms on which he can file complaints concerning these matters.

In his second motion, titled "Prohibitory/Permanent Injunction," Rivera references his "Motion for Court Order" and other exhibits as a basis for the requested relief.  Specifically, he asks the court to order the defendants to "stop retaliating against Plaintiff for filing lawsuits and the violations that are being committed against him."  (Mot. 1, ECF No. 47.)

I conclude that Rivera has not alleged facts warranting the interlocutory injunctive relief he seeks.  The party seeking a preliminary injunction must make a clear showing "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."[1]  *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Rivera's factual allegations simply do not meet these four required elements.  Most importantly, he presents no facts showing that any of the adverse actions of

---

[1]  Rivera requests a temporary restraining order and a preliminary injunction. Temporary restraining orders are issued only rarely, when the movant proves that he will suffer injury if relief is not granted before the adverse party could be notified and have opportunity to respond.  *See* Fed. R. Civ. P. 65(b).  Such an order would only last until such time as a hearing on a preliminary injunction could be arranged.  As it is clear from the outset that Rivera is not entitled to a preliminary injunction, I find no basis upon which to grant him a temporary restraining order.

which he complains were motivated in any respect by his pending or prior lawsuits. Merely conclusory allegations of retaliation are not actionable under § 1983. *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994). Therefore, Rivera does not show any likelihood of success on a retaliation claim or any imminent, irreparable harm he is likely to suffer in the absence of court intervention.

Rivera's allegations also do not meet the three other requirements for interlocutory relief. He does not describe any irreparable harm he is likely to suffer from merely being denied administrative remedy forms, from not receiving cleaning materials or a haircut at the desired time, or from missing showers on occasion. The fact that his finger was injured in the tray slot on one occasion is not evidence that the harm suffered was irreparable or that he faces imminent danger of a similar occurrence in the future that could be averted through a court order.

Finally, I cannot find that the balance of the equities or the public interest weigh in Rivera's favor so as to warrant the court's interference in prison officials' discretionary administrative decisions regarding such day-to-day living activities as distribution of administrative remedy forms or cleaning or barbering supplies. Rivera is reminded that § 1983 authorizes civil actions for violations of constitutionally protected rights. His continued litigation over every minor adverse event he encounters in prison will squander valuable court time and resources and

slow the resolution of any potentially meritorious claims that he or other inmates may be attempting to present.

For the stated reasons, I conclude that Rivera has not made the necessary, four-factor showing that his situation warrants interlocutory relief. Therefore, I will deny his motions seeking such relief.

A separate Order will be entered herewith.

DATED: July 13, 2016

/s/ James P. Jones
United States District Judge

-5-

Case 7:15-cv-00156-JPJ-RSB   Document 49   Filed 07/13/16   Page 5 of 5   Pageid#: 350