# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **DENIS RIVERA,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:15CV00156 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **VIRGINIA DEPARTMENT OF CORRECTIONS, ET AL.,** | ) ) | By: James P. Jones<br>United States District Judge |
| | ) | |
| Defendants. | ) | |

The plaintiff, Denis Rivera, a Virginia inmate proceeding pro se, filed this prisoner civil rights action under 42 U.S.C. § 1983. I entered an Opinion and Order granting summary judgment to the defendants on December 8, 2016, and Rivera appealed. The court of appeals remanded the case for the limited purpose of determining: (a) when Rivera delivered his Motion to Alter or Amend Judgment to prison officials for mailing; and (b) whether his Notice of Appeal was timely filed.

Rivera filed his Notice of Appeal on March 1, 2017. Prior to filing his Notice of Appeal, however, Rivera filed the Motion to Alter or Amend Judgment under Fed. R. Civ. P. 59(e) that this court received and docketed on January 9. In order for the Rule 59(e) motion to render Rivera's Notice of Appeal timely filed as to the underlying judgment, he must have filed that motion on or before January 5. Fed. R. App. P. 4(a)(4)(A)(v). Because Rivera is incarcerated, the motion is considered filed as of the

date it was properly delivered to prison officials for mailing to the court. *Houston v. Lack*, 487 U.S. 266 (1988).

Rivera has now submitted a statement signed under penalty of perjury alleging that he signed and dated his Rule 59(e) motion on January 4, 2017, and on that same day, delivered the motion to prison officials in an envelope prepared for mailing to the court. The Rule 59(e) motion (ECF No. 96) on the court's docket is signed and dated in this manner. The defendants have not filed evidence to the contrary in the time allotted.

Based on the evidence now in the record, I find that Rivera submitted his post-trial motion on January 4, 2017. That motion was thus properly considered under Rule 59(e). Fed. R. App. P. 59(e). I denied the motion by Opinion and Order entered February 3, 2017. At that point, pursuant to Fed. R. App. P. 4(a)(1)(A) and 4(a)(4)(A)(v), Rivera had 30 days to file his Notice of Appeal. He timely delivered this document to prison officials on March 1, 2017. On these facts, I conclude that Rivera's Notice of Appeal was timely filed.

Pursuant to the conditions of the remand, it is **ORDERED** that the clerk SHALL return the record as hereby supplemented to the court of appeals for further consideration of Rivera's appeal.

ENTER: October 6, 2017

/s/ James P. Jones
United States District Judge